*Case to stand for trial.*

---

LEVI H. MAY *vs.* ROBERT BOYD, Ex'or., and others.

Aroostook.    Opinion April 4, 1903.

*Equity.    Specific Performance.    Probate Court.    Jurisdiction.    Decree.*
*R. S., c. 71, § 17; c. 77, § 6, par. 3; c. 111, § 8.*

Decrees of a probate court touching matters within its jurisdiction when not appealed from are conclusive upon all persons.

It is provided by R. S., c. 71, § 17, that: "When it appears to the judge of probate having jurisdiction, that any deceased person had made a legal contract to convey real estate and was prevented by death from so doing, and that the person contracted with had performed or is ready to perform the conditions required of him by the terms thereof, he may authorize the executor or administrator to execute deeds to carry said contract into effect."

Upon a bill in equity in this court praying for the specific performance of a contract, the same being a bond for a deed, for the conveyance of real estate, it appeared that the owner of the bond, who was the assignee of the original holder, filed a petition in the probate court having jurisdiction of the matter praying that the defendant executor might be ordered to make a conveyance; that after due notice and hearing the petition was denied and no appeal was taken from the decree, which still remains in full force.

*Held;* that the bond was a legal contract in force at the death of the obligor; that no reason is suggested and none is apparent why the probate court did not have jurisdiction of the case under the above statute.

*Also;* that the facts as then presented by the same parties involved no special equitable feature which would itself constitute a sufficient ground for equitable jurisdiction; and that the bill should be dismissed.

On report.    Bill for specific performance.    Dismissed.

Bill in equity praying for a conveyance of certain real estate, under a bond for a deed given by Charles H. Randall, deceased, to Hugh McMann.    The bond had been assigned by said McMann to the plaintiff, Levi H. May, and the defendants are the legal represen-

tatives of said Randall.    The case was reported for the determination
of this court upon bill, demurrer, answer, replication and proofs.

The facts are stated in the opinion.

*P. H. Gillin and Ira G. Hersey,* for plaintiff.

This court is not ousted of its jurisdiction in this case by R. S., c.
71, § 17.    *Bates* v. *Sargent,* 51 Maine, p. 425.

*Don A. H. Powers and Jas. Archibald; Geo. H. Smith,* for defend-
ants.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
   SAVAGE, SPEAR, JJ.

WHITEHOUSE, J.    This is a bill in equity praying for the specific
performance of a contract for the conveyance of real estate.    The
case is reported for the determination of this court upon bill, demurrer,
answer, replication and proofs.

On the ninth day of January, 1895, Charles H. Randall was the
owner of a tract of land in Hersey in the County of Aroostook, com-
prising 110 acres, subject to a mortgage given by George R. Nicker-
son, a former owner, to Levi M. Carver, upon which was then due
the sum of $400.00, and on that day gave to Hugh McMann a bond
for a deed of the same whereby he agreed to execute and deliver "a
good and sufficient deed" in consideration of the payment to him by
McMann of the sum of $170.00 according to the tenor of three prom-
issory notes of that date, one for $70.00 payable in one year, and two
for $50.00, each payable in two and three years from date respectively.

On the 17th day of July, 1897, Charles H. Randall died testate.
At that time the entire sum of $170.00 called for by the terms of the
bond had not actually been paid by McMann, and hence no convey-
ance of the land or of Randall's equity of redemption in the premises
had been made to McMann during Randall's life time.    The defend-
ant Boyd is the executor of Randall's will and the other defendants
are his heirs and devisees.    The plaintiff claims from the defendants
a conveyance, not simply of Randall's equity of redemption, but of an
absolute title to the land, free of the incumbrance, by virtue of an
assignment of the bond from Hugh McMann, dated April 5, 1898.

The defendants first interpose an objection that the bill could not, in any event, be sustained by virtue of section 8 of chapter 111 of the Revised Statutes, for the reason that it is neither alleged in the bill nor shown in evidence that any written notice of the existence of the contract relied upon was given to the executor within one year after the "grant of administration," or was ever given to the executor in this case, as required by that section. Secondly, the defendants suggest that it could never have been in the contemplation of the Legislature that such a cause would be maintainable without previous notice under part 3 of section 6, chapter 77, R. S., conferring upon the court a general power to compel the specific performance of written contracts; otherwise the separate provision of section 8, chapter 111, R. S., requiring the written notice above mentioned, would have no distinct field of operation and be entirely superfluous. They further insist that if in any case such a bill could be maintained under the general equity power of the court, a specific performance of the contract set up by the plaintiff in this case, would be manifestly unjust, inequitable and contrary to good conscience, for the reason that it is shown by the evidence to be wholly improbable that according to the mutual understanding of the parties, at the time the bond was given, Randall, in consideration of $170.00, was to convey to McMann any thing more than his equity of redemption in the premises.

But, finally, the defendants say that the plaintiff had an adequate remedy afforded by the provisions of section 17 of chapter 71 of the Revised Statutes; that at the November term, 1898, the plaintiff filed a petition in the Probate Court, having jurisdiction of the matter, representing that Charles H. Randall made a legal contract with Hugh McMann to convey to him the real estate in question upon the terms and conditions therein set forth; that all the conditions of the contract had been performed, and that Randall was prevented by death from making the conveyance called for by the contract, and praying that the defendant executor might be ordered to execute the necessary deeds to carry the contract into effect; that after due notice and hearing upon this petition, the Court of Probate decreed that the prayer of the petitioner be denied and ordered the defendant

Boyd as executor not to carry into effect the provisions of the contract set forth in the petition. The defendants accordingly contend that inasmuch as no appeal was taken from this decree and the judgment of the Probate Court still remains in full force, neither reversed nor annulled, and the parties and the issue in these proceedings before the Probate Court were the same as in this bill in equity, the question must be deemed res judicata.

Section 17 of chapter 71 provides that "When it appears to the judge of probate having jurisdiction, that any deceased person, had made a legal contract to convey real estate and was prevented by death from so doing, or that such deceased person, had made such a contract to convey an estate upon a condition, which in its nature could not be fully performed before his decease, and that in either case the person contracted with, or petitioner, has performed or is ready to perform the conditions required of him by the terms thereof, he may, on petition of such person, his heirs, assigns or legal representatives, authorize the executor or administrator, or special administrator of the deceased, or when there is no executor or administrator, the guardian of the heirs of the deceased, to execute deeds to carry said contract into effect."

In *Bates* v. *Sargent*, 51 Maine, 423, the construction of this statute was brought directly in question, and it was there said that it relates only to "legal contracts in force at the death of the obligor, the performance of which was by his death prevented," and that "it was not intended to oust this court of its equitable jurisdiction or to limit or restrict its exercise." In that case it appeared from the statement of facts that the bond had become forfeited for non-payment of the notes when due, and it was held that the rights of the parties arising from the fact of a payment indorsed on a note after such forfeiture could only be determined by proceedings in equity.

But in the case at bar the bond was a legal contract in force at the death of the obligor. It is true, as already noted, that the full sum of $170.00 called for by the bond had not actually been paid in the life time of the obligor, for the last note for $50.00 did not become due until January, 9, 1898, nearly six months after his death; but it appears from the uncontroverted evidence of McMann, and is con-

ceded by both sides, that on the sixteenth day of April, 1897, Charles H. Randall accepted from McMann, in settlement of the three notes, a mare and colt and a new note for $100.00 payable in four months from that date at the "First National Bank." This note, it will be perceived, did not mature until after the death of Randall, but the bond was recognized by the representative of the estate as a subsisting legal contract and the full amount due thereon was paid by the plaintiff and accepted by the executor, before the filing of the petition above described in the Probate Court. Here were no facts or conditions calling for the exercise of the equity power of the court to grant relief from forfeiture. Any forfeiture arising from McMann's failure to pay the first and second notes at maturity was waived by the obligor, and the bond continued in force by the mutual agreement of the parties made in Randall's life time and evidenced by the new note for $100.00.

No reason has been suggested, and none is apparent, why the Probate Court did not have jurisdiction of the case under these circumstances by virtue of the statute above quoted. As the facts then presented themselves, the case involved no special equitable feature which would in itself constitute a sufficient ground for equitable jurisdiction. The plaintiff elected his tribunal and invoked the jurisdiction of the Probate Court. The question now presented was fully heard and determined after due notice to all parties interested, and a decree entered adverse to the petitioner. No appeal was taken from that decision; and the authorities are substantially uniform in support of the familiar proposition that the "decrees of a Probate Court touching matters within its jurisdiction when not appealed from are conclusive upon all persons." *McLean* v. *Weeks*, 65 Maine, 421; *Potter* v. *Webb*, 2 Maine, 257; *Merriam* v. *Sewall*, 8 Gray, 316.

It is therefore the opinion of the court that the entry in this case must be,

*Bill dismissed, with one bill of costs for defendants.*